UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
AT ROANOKE

| | |
|---|---|
| LISA LINEBERRY, DARREN LINEBERRY, and DORIS LINEBERRY, <br><br> Plaintiffs, <br> v. <br><br> BUDZIK AND DYNIA, LLC, and DARREN THOMAS, <br><br> Defendants. | **Civil Action File:** <br><br> ———————— <br><br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiffs' personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs and in communications with third parties concerning such debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiff Lisa Lineberry is a natural person who resides in the Town of Woodlawn, County of Carroll, State of Virginia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and (5), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a). Creighton v. Emporia Credit Service, Inc. 981 F. Supp. 411 (E.D. Va. 1997).

5. Plaintiff Darren Lineberry is a natural person who resides in the Town of Woodlawn, County of Carroll, State of Virginia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and (5), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a), and is the husband of Plaintiff Lisa Lineberry

6. Plaintiff Doris Lineberry is a natural person who resides in the Town of Woodlawn, County of Carroll, State of Virginia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692 a(3) and (5), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k (a), and is the mother of Plaintiff Darren Lineberry and mother-in-law of Plaintiff Lisa Lineberry.

7. Defendant Budzik and Dynia, LLC (hereinafter "Defendant Budzik") is a collection agency operating from an address of 4849 N. Milwaukee Avenue, Suite 801, Chicago, Illinois, 60630, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232 (2nd Cir. 1998); Taylor v. Perrin, Landry, deLaunay U & Durand, 103 F.3d 1232 (5th Cir. 1997).

8. Defendant Darren Thomas (hereinafter "Defendant Thomas") is a natural person who was employed at all times relevant herein by Defendant Budzik as a collection agent and is a

"debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Crossley v. Lieberman, 868 F.2d 566 (3rd Cir., 1989).

9. Because Defendant Budzik & Dynia and Defendant Darren Thomas, at all relevant times, were working as one, the several Defendants in this case may be referred to collectively as "Defendants."

### FACTUAL ALLEGATIONS

10. On or around November 27, 2008, Plaintiff Lisa Lineberry incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card debt with GECRB/WALMART, in the approximate amount of a $400 credit limit, which was used by Plaintiff Lisa Lineberry for personal, family and household purchases. Mabe v. G.C. Services Limited Partnership, 32 F.3d 86 (4th Cir. 1994)

11. Sometime thereafter in 2011, the debt was consigned, placed or otherwise transferred to Defendants for collection from these Plaintiffs.

12. Each of the phone calls placed by Defendants to Plaintiffs, more fully described below, were a "communication" in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2). Pittman v. J.J. MacIntrye Co, 969 F. Supp. 609 (D.Nev 1997); Horkey v. JVDB & Associates, Inc., 333 F.3d 769 (7th Cir. 2003); Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521 (E.D. Pa 1996).

13. Further, the phone calls placed by Defendants were over an extended period of time as to all Plaintiffs, were placed to various phone numbers belonging to Plaintiffs and to other third parties, and resulted in severe emotional distress with regard to each Plaintiff.

14. All times of day referred to in this Complaint are Eastern Standard Time.

### *Collection Calls Leading up to November, 2011*

15. Between the months of August, 2011 and November, 2011, Defendants placed several phone calls to all Plaintiffs in an attempt to collect the debt against Plaintiff Lisa Lineberry. This series of calls set the stage for the abusive and harassing calls that followed. These additional calls are described below, in as much detail as can be recalled at this juncture.

### *Collection calls from November, 2011*

16. On several occasions in November 2011, Defendants contacted Plaintiff Doris Lineberry by telephone at her residence in an effort to collect this debt. All such calls were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. During these calls, Defendant Thomas stated that Plaintiff Lisa Lineberry's account had been assigned to Defendant Budzik and that he was now authorized to use any and all available means to resolve his client's claims against Lisa Lineberry.

18. This was a communication with a third party who was not responsible for payment of the debt.

19. Defendant Thomas contacted Plaintiff Doris Lineberry at her home as her husband Charles Dewell Lineberry was dying from complications from diabetes. Mr. Charles Lineberry passed away on November 8, 2011. These calls were very upsetting to Plaintiff Doris Lineberry as not only did she have to deal with her dying husband but was also having to answer phone calls about a debt for which she had no legal responsibility.

20. This call was a very upsetting to Plaintiff Doris Lineberry because she took it to mean that her daughter-in-law, Plaintiff Lisa Lineberry, was going to be sued by these

Defendants to collect this debt. Mr. Charles Lineberry, on his death bed, was extremely upset by these phone calls.

21. Defendants Budzik and Thomas caused Plaintiff Doris Lineberry's cell phone and house phone to ring repeatedly, the natural consequence of which was to harass, oppress, or abuse her in connection of the alleged debt of Plaintiff Lisa Lineberry. These calls violated 15 U.S.C. §1692c(a)(3), 1692c(b), 1692d, 1692d(5), 1692b(3) amongst other provisions of the FDCPA. In addition, these calls constituted an invasion of the Plaintiffs' state law right to privacy and to be left alone.

22. Furthermore, Defendants Budzik and Thomas called Plaintiffs Lisa Lineberry, Darren Lineberry and Doris Lineberry, on each Plaintiff's cell phone and home phone, in an effort to collect Plaintiff Lisa Lineberry's debt. These calls were placed at a time when Darren and Lisa's daughter, Ashton Lineberry was undergoing her second open heart surgery at Wake Forest Baptist Hospital.

23. Defendant Thomas' calls to all Plaintiffs were extremely abusive and disrespectful in both content and tone. The collection calls at one point actually made Plaintiff Darren Lineberry physically ill due to the personal attacks on him by Defendant Thomas in his attempts to collect this debt. Defendant Thomas' calls to all Plaintiffs caused unnecessary stress and grief as to all Plaintiffs who, as a result, have all suffered severe emotional distress.

### *Collection calls from February 2012 & March 2012 to Lisa Lineberry*

24. On or about February 20, 2012, at approximately 1:53 p.m, Defendant Thomas, in an attempt to collect a debt, contacted Plaintiff Lisa Lineberry on her cellular telephone at work, during regular work hours for a school teacher, having reason to know that such call would be inconvenient to the Plaintiff, and having reason to know such calls would be

prohibited by her employer in violation of 15 U.S.C.§ 1692c; 15 U.S.C § 1692c(a)(1); and 15 U.S.C. § 1692c(a)(3).

25. During this February 20, 2012 phone call, Plaintiff Lisa Lineberry advised Defendant Thomas, and thereby placing Defendant Budzik & Dynia on notice, not to contact her on her cellular phone that she was teaching school.

26. Despite this notice from Plaintiff Lisa Lineberry, Defendants contacted Plaintiff Lisa Lineberry again on her cell phone on February 29, 2012 at approximately 4:57 p.m and again on March 3, 2012 at approximately 9:23 a.m.

27. Defendants knew that Plaintiff was employed as a school teacher. Defendants knew or had reason to know that phone calls at her place of employment would not be acceptable to her employer.

*28.* Thus, these February 20, 2012, February 29, 2012 and March 3, 2012 calls were communications, from a debt collector, to a consumer, in an attempt to collect a debt, and were persistent, and abusive and harassing in nature. These calls were made in violation of 15 U.S.C. § 1692c(a)(1), 15 U.S.C. § 1692c(a)(3) and 15 U.S.C. § 1692d.

### *Collection calls to Plaintiff Darren Lineberry*

29. On several occasions during the months of February, March and April 2012, Defendants called Plaintiff Darren Lineberry on his cellular phone during work hours, knowing or having reason to know the phone call was placed during a time where it would be inconvenient to Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

30. On or about March 3, 2012, after Plaintiff Lisa Lineberry received a call from Defendant Thomas on her cell phone at work, she called her husband Plaintiff Darren Lineberry and

explained that she was upset that Defendants continued to call her at work in an attempt to collect this debt.

31. Defendant Thomas then proceeded to call Plaintiff Darren Lineberry on the same day to engage him in a conversation about Plaintiff Lisa Lineberry's debt. This resulted in a lengthy, harassing and abusive conversation. Defendant Thomas stated, "Lisa Lineberry owed the debt and he wanted a payment for $600 on the Wal-Mart card". Plaintiff Darren Lineberry responded that "he was going to pay the debt but couldn't pay $600 rather, he could make 3 monthly payments of $200 a month." Defendant Thomas stated rudely, "you just said you were going to pay $600 all at once not $200 a month." Plaintiff Darren Lineberry responded "I didn't say I was going to pay all at once but needed to pay over a couple of months' time." Plaintiff Darren Lineberry further stated, "this isn't even my debt but my wife's. I am trying to settle her debt."

32. Defendant Thomas responded, "if and when I get married I will have my wife sign a pre-nuptial agreement so this sort of thing doesn't happen." Defendant Thomas went on to make other derogatory comments about Plaintiff Lisa Lineberry and her credit worthiness.

33. At this point a "manager" got on the phone and demanded payment from Plaintiff Darren Lineberry and additional rude and incendiary comments were made by Defendants.

34. Approximately one week later, Defendants left a voicemail on Plaintiff Darren Lineberry's cell phone with the following message. "This is a message for Lisa Lineberry or Mr. Lineberry. There will be a three second delay. This is Darren Thomas from Budzik and Dynia. I have left message after message. You have not yet had the courtesy or decency to return my calls. Stop what you are doing and take five minutes of your time and make arrangements to pay this debt."

35. The above described calls by Defendants to Plaintiff Darren Lineberry, were an unfair and abusive practice. It was conduct, the natural consequence of which, was to harass, oppress or abuse, in violation of 15 U.S.C. § 1692d. Further, it was an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

36. Plaintiff Darren Lineberry does not owe this debt and therefore Defendants attempts to collect this debt from him were a false and deceptive practice and a threat to take action that they were not legally entitled to take against Plaintiff Darren Lineberry in violation of 15 U.S.C. § 1692e(5).

### *Collection calls April 2012 to Plaintiff Doris Lineberry*

37. Despite having been told repeatedly to stop calling, Defendants continued to call Plaintiff Doris Lineberry in regard to a debt of which she had zero legal responsibility.

38. Defendants called Plaintiff Doris Lineberry on April 13, 2012 with the intent to annoy, harass and abuse.

39. Defendants called Plaintiff Doris Lineberry on two occasions on April 16, 2012 with the intent to annoy, harass and abuse on her cell phone while she was at work

40. Defendants called Plaintiff Doris Lineberry on April 18, 2012 with the intent to annoy, harass and abuse on her cell phone while she was at work.

41. Defendants called Plaintiff Doris Lineberry on April 23, 2012 with the intent to annoy, harass and abuse on her cell phone while she was at work.

42. Defendants called Plaintiff Doris Lineberry on April 24, 2012 with the intent to annoy, harass and abuse on her cell phone while she was at work.

43. Only after Plaintiff's Darren and Lisa Lineberry filed for Chapter 7 Bankruptcy relief did the phone calls stop.

44. All of these phone calls to Plaintiff Doris Lineberry were made in violation of 15 U.S.C. § 1692d and 1692c(b).

45. Plaintiff Doris Lineberry does not owe this debt and therefore Defendants attempts to collect this debt from her were a false and deceptive practice and a threat to take action that they were not legally entitled to take against Plaintiff Doris Lineberry in violation of 15 U.S.C. § 1692e(5).

### *Additional Illegal Communication and Invasion of Privacy*

46. On several occasions in February and March 2012, Defendants contacted the switchboard at Lisa Lineberry's place of employment, Carroll County Public Schools in an effort to collect this debt from Plaintiff Lisa Lineberry. This was an intimidating threat to the Plaintiffs.

47. Thus, upon information and belief, employees at Carroll County Public Schools were exposed to this private information concerning Plaintiff Lisa Lineberry because of Defendants' unlawful actions.

48. Plaintiff Lisa Lineberry was embarrassed by the exposure of these calls and continues to be embarrassed on certain occasions while at work.

49. The FDCPA prohibits any contact to third parties that is designed to put pressure on the Plaintiff to return the collector's calls or to embarrass or coerce the Plaintiff into paying a debt.

50. Defendants' communication to the school on these occasions were an illegal third party disclosure of this debt and an impermissible third-party collection contact in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. § 1692b(1),

1692b(2), 1692c(b), 1692d, and 1692f, as well as invasion of privacy by revelation of private financial information.

51. Defendants' repeated disclosures of Plaintiff Lisa Lineberry's indebtedness to Plaintiff's Darren Lineberry and Doris Lineberry and other third parties, were an invasion of her privacy and her right to financial privacy.

52. Defendants' repeated attempts to collect this debt from Plaintiff Darren Lineberry, a person whom did not owe this debt, was an invasion of Plaintiff Darren Linberry's privacy and his right to be left alone.

53. Defendants' repeated attempts to collect this debt from Plaintiff Doris Lineberry, a person whom did not owe this debt, was an invasion of Plaintiff Doris Linberry's privacy and her right to be left alone.

54. After reasonable opportunity for discovery, Plaintiff believes there will be evidence to show additional phone calls placed to all Plaintiffs and to other third parties, all in violation of 15 U.S.C. 1692 et. seq.

### ACTUAL DAMAGES

55. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of all the Plaintiffs and caused them unnecessary personal strain in their relationships with each other, as well as with other family members.

56. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from

unjustified and abusive invasions of personal privacy. All Plaintiffs have suffered severe emotional distress because of the actions of the Defendants.

57. Defendants' repeated attempts to collect a debt from Plaintiff Darren Lineberry, Plaintiff Lisa Lineberry's spouse, caused incredible strife in their marital relationship.

58. This series of abusive collection calls by Defendant and its employees pushed Plaintiffs Darren and Lisa Lineberry to file Chapter 7 bankruptcy as a way out of these abusive calls.

59. This series of abusive collection calls by Defendant and its employees pushed Plaintiff Darren Lineberry to become so stressed out that he became physically ill and as a result had to seek medical treatment.

60. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiffs.

### RESPONDEAT SUPERIOR LIABILITY

61. The acts and omissions of Defendant Thomas, and the other debt collectors employed as agents by Defendant Budzik and Dynia who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Budzik and Dynia.

62. The acts and omissions by Defendant Thomas and any other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Budzik and Dynia in collecting consumer debts.

63. By committing these acts and omissions against Plaintiffs, Defendant Thomas and any other other debt collectors were motivated to benefit their principal, Defendant Budzik and Dynia.

64. Defendant Budzik and Dynia is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiffs.

## TRIAL BY JURY

65. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

66. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiffs.

68. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

69. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

70. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

71. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

72. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of these Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded each Plaintiff's privacy.

73. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff Lisa Lineberry, namely, by repeatedly and unlawfully disclosing information about this debt to Plaintiff Doris Lineberry, and to other third parties, and thereby invaded Plaintiff Lisa Lineberry's right to financial privacy. Because neither Plaintiff Doris Lineberry nor Plaintiff Darren Lineberry owed this debt, the repeated attempts to collect the debt through these Plaintiffs, Defendants have violated these Plaintiffs' right to privacy and to be left alone.

74. Defendants and their agents intentionally and/or negligently caused emotional harm to each of these Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each of these Plaintiff's rights to privacy.

75. Each Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

76. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against these Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

77. As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined by a jury, at trial, and for Plaintiff; and

- for such other and further relief as may be just and proper

Respectfully submitted,

**SNODGRASS LAW FIRM, PLC**

By: **/s/Brandon Snodgrass**
Brandon Snodgrass, Esq.
Attorney I.D.#47894

By: **/s/Matthew Felty**
Matthew Felty, Esq.
Attorney I.D. #74873

380 Porterfield Highway
P.O. Box 1417
Abingdon, VA 24212
Telephone: 276-676-2660
Facsimile: 276-676-2667
bsnodgrass@snodgrasslawfirm.com

**Attorneys for Plaintiff**